56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cornelius MAPLE, Jr., Plaintiff-Appellant,
v.
Ron NORICK, Mayor, Oklahoma City; Sam Gonzales, Sheriff,
OCPD; Don Brown, Oklahoma City Manager; Paul Brum,
Oklahoma City Public Works Director; Oklahoma Memorial
Hospital, Administrator of the Hospital and their Insurance
Agency; Manville Corporation, The Manville Corporation of
Denver, Colorado, Defendants-Appellees.
 No. 94-6203.
 United States Court of Appeals, Tenth Circuit.
 May 31, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 LOGAN
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Cornelius Maple, Jr. appeals from the dismissal of his civil rights action filed pursuant to 42 U.S.C.1983. He named as defendants the Oklahoma City mayor, police chief, city manager and public works director, the administrator of the Oklahoma Memorial Hospital (and later by addition the Midwest Central Regional Hospital), and The Manville Corporation. Plaintiff is a convicted robber who was injured in an auto accident while being chased by a store owner he attempted to cheat. He was taken to Midwest Central Regional Hospital and later to the Oklahoma Memorial Hospital for treatment of a punctured lung and broken ribs. He alleges that his constitutional rights were violated when the hospitals released him too early, that the city officials are liable because of the conditions and his treatment in the jail, and that his nineteen-hour exposure to asbestos in the jail gave him a right to participate in a national settlement for asbestos claims.
 
 
 3
 After reviewing a large volume of pleadings and an extensive Martinez report, the magistrate judge recommended summary judgment in favor of the defendants, and his recommendation was adopted by the district court. The magistrate judge's Report and Recommendation of March 30, 1994, accurately analyzes the facts and the law. We affirm for substantially the reasons stated therein.
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470